IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-cr-30002 |
| | ) |
| SEAN MURPHY, | ) |
| | ) |
| Defendant. | ) |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Sean Murphy's pro se motion for compassionate release requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).  See d/e 43. For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On June 19, 2019, Defendant Sean Murphy pled guilty to delivering 5 grams or more of actual methamphetamine in violation 21 U.S.C. § 841(a)(1) and (b)(1)(B). On October 28, 2019, Defendant was sentenced to 37 months' imprisonment and a 4-year term of supervised release. Defendant is currently serving his sentencing at FCI Forrest City Low. He has a projected release date of

September 11, 2021.

On November 2, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) seeking compassionate release due to COVID-19 being present at FCI Forrest City Low and having contracted COVID-19.  See d/e 43.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed.  See 18 U.S.C. § 3582(c).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP

denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant argues that he submitted a compassionate release request to the warden of FCI Forrest City Low on August 6, 2020.  See Motion, d/e 43, p. 1.  However, he did not receive a response from the warden.  Id.  Because more than 30 days have passed since Defendant submitted a request to the warden, the Court finds that Defendant has met the 30-day

requirement found in 18 U.S.C. § 3582(c)(1)(A).

The Court must consider whether "extraordinary and compelling reasons warrant such a reduction" and is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation.  Social distancing can be difficult for individuals living or working in a prison.

Defendant argues that the presence of the disease at his facility warrants immediate release.  While the Court recognizes that COVID-19 has infected FCI Forrest City Low, the COVID-19 pandemic alone does not constitute "extraordinary and compelling reasons" warranting a reduction in his term of imprisonment.  See

COVID-19 Cases, Federal Bureau of Prisons,

https://www.bop.gov/coronavirus/ (last accessed November 5, 2020).  Defendant also argues that he has contracted COVID-19, which places him at higher risk of contracting more serious complications if he contracts COVID-19 again.  Defendant admits in his motion that he is "young and relatively healthy."  See 43, p. 2.

Defendant has also failed to submit any proposed release plan. Without a release plan, the U.S. Probation Office cannot make a recommendation and Defendant cannot safely be released into the community.

The Court, taking all the relevant facts into account, finds that Defendant has not established the existence of extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Sean Murphy's pro se motion for compassionate release (d/e 43) is DENIED.  The Clerk is DIRECTED to send a copy of this Opinion to FCI Forrest City Low and Defendant.

ENTER:  November 5, 2020.

                                      *s/ Sue E. Myerscough*
                                      SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE